allegation·of absence of contributory negligence, and that defendant must plead· in his answer that the negligence is the negligence of fellow servants. I do not agree with these decisions, but I refer to them as evidencing the view which the courts take of these matters; the object being to arrive at a just determination of the action on the merits. Plaintiff must allege that defendants were guilty of negligence, but he is not called upon to plead all the details of the evidence and negative every possible defense which may be interposed.

This demurrer was stricken out as frivolous, but the order was reversed by the Appellate Division. Shaw v. Feltman, 99 App. Div. 514, 91 N. Y. Supp. 114. The Appellate Division did not, however, pass upon the sufficiency of the complaint. Judged by the standards laid down in innumerable decisions, and giving the plaintiff the benefit of the facts and reasonable inferences, I think the complaint is good. He says he was employed by the defendants to work in a kitchen in a building owned and controlled by defendants in Coney Island; that there was a skylight over the kitchen, and that the skylight and the glass therein were in a defective, ruinous, and dangerous condition, of all of which the defendants had notice; that a piece of glass fell from the skylight, coming in contact with plaintiff and injuring him. It may be that the mere allegation that the glass fell, without a distinct averment that it fell by reason of the defective and dangerous condition alleged, would not be sufficient; but this very fact is set forth in paragraph 8. It is there stated that the glass fell because of the defective and ruinous and broken condition in which it was maintained by defendants, with full knowledge, a condition described as "dangerous." A master cannot put his servants to work in a place known to him to be dangerous, unsafe, and with defective skylights and ceilings liable to fall and injure the employé, without incurring liability. If the servant knew of the condition, if he assumed the risk, if he was guilty of contributory negligence, if it was a risk incident to his employment, or if the accident happened by reason of his own or his fellow servants' negligence, he cannot recover; but all these things are matters of proof. I think the complaint is good.

Demurrer overruled, with leave to defendants to answer upon payment of costs.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Joseph M. Gazzam, Jr., for appellants.
Solomon A. Cohn, for appellee.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of KELLY, J., at Special Term.

---

DAVIDSON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. APPEAL—SETTLEMENT OF CASE—MATTERS INCLUDED.
   A case on appeal may properly include matters indicating the attitude of the court in making rulings upon proffered testimony necessary to a full understanding of how questions respecting admissibility of evidence arose, and matter stating a ruling as to what will be left to the jury, a request of counsel relating thereto, and the disposition of the request; but, where the ruling and exception otherwise sufficiently appear, remarks of the court and speeches of counsel should not be included.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2483–2489.]

2. SAME.
   In settling a case on appeal from a judgment against a railway company for personal injuries to an infant, an amendment is proper, as presenting part of the atmosphere of the case, which relates to the presence in court of the infant plaintiff in a maimed and mangled condition, without the

intention of calling her as a witness, and which shows that a request for the exclusion of the child from the courtroom was made and ruled on, and an exception taken.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2483–2489.]

Appeal from Special Term.

Action by Marion Davidson, by her guardian ad litem, against the New York City Railway Company. From an order denying a motion for a resettlement of case on appeal, defendant appeals. Reversed and remitted, with directions.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Bayard H. Ames, for appellant.
Edwin V. Guinan, for respondent.

PATTERSON, P. J. This appeal is from an order denying a motion to resettle a proposed case on appeal from a judgment entered upon a verdict for the plaintiff in an action to recover damages for personal injuries. When the proposed case on appeal and amendments thereto were submitted to the trial judge for settlement, he allowed eight of such amendments, which consisted largely of speeches made by counsel and colloquies between counsel and the court, with which it is unnecessary to incumber the record, and which will in nowise be instructive or useful in considering the merits of the appeal; but at the same time there are included in the allowed amendments, or some of them, matter which should have appeared in the record as it indicates the attitude of the court in making its rulings upon proffered testimony.

I think that the matter contained on page 34 down to and including line 9 on page 35 of the record now before us was properly allowed, as it seems to be necessary to a full understanding of how the question arose respecting the admissibility of evidence concerning a statement signed by a witness at the procurement of some person claiming to represent the defendant corporation, and the justice in settling the case also very properly allowed the proposed amendment No. 85, as appears in the present record, from and including line 10 on page 35 to, and including line 18 on page 36. The remarks of the court and the speech of counsel for the defendant are of no value on appeal. Everything necessary to show the objection of the defendant, the grounds of the objection, the ruling of the court, and the exception of the defendant to the ruling otherwise appears. The court below was also justified in expunging from the record so much of the proposed amendment No. 115 as appears in the record now before us from line 19 on page 38 to and including line 16 on page 40. All the matter contained within those lines is simply the argument of counsel which would do very well in a brief, but is utterly irrelevant in a record. What appears between line 17 and line 26, both inclusive, on page 40, should have been allowed, because it states a ruling of the court as to what it would leave to the jury, a request of counsel for the defendant relating to it, and the disposition made by the court of that request. Concerning proposed amendment No.

116, which was allowed, I think it was properly allowed. Without intending by this ruling to indicate any opinion upon the subject-matter of this proposed amendment, what is therein stated presents part of the atmosphere of the case which may or may not, when the whole case is considered, be regarded as having been prejudicial to the defendant at the trial. This amendment relates to the presence in the courtroom of the infant plaintiff in a maimed and mutilated condition, without the intention of calling her as a witness and for the purpose of a dramatic display to work upon the sympathies of the jury. It may be that the plaintiff's counsel had an absolute right to have the infant plaintiff in court during the whole trial, but it is evident that the appellant's attorney intends to bring before the court a matter which may be worthy of consideration; and, inasmuch as it appears by this amendment that a request to exclude the child from the courtroom was made and was ruled upon, and an exception taken, the defendant is entitled to have the merit of its exception passed upon by an appellate court. For that reason, I think this amendment was properly permitted simply for the purpose of allowing the question to be presented for whatever it may be worth. The record should also contain the matter printed on page 44 of the appeal papers on this motion, from and including line 3 to and including line 26; and the matter contained on page 45 from and including line 9 to and including line 17, and from and including line 22 to and including line 31. It should also contain the matter included in lines 11 and 12, on page 46, and from the word "and," on line 30 of page 46, to and including the words "incompetent and improper." Also the matter contained on page 47, from and including the word, "counsel," in line 29, to the end of that page and on page 48, from and including line 1, to and including line 8.

The order appealed from should therefore be reversed, and the case remitted to the court below, with directions that it be resettled to conform with the requirements of this memorandum. All concur.